UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EPHANTUS WAKABA KANYIRI, | )<br>) CASE NO. C10-1819-TSZ-MAT |
| Petitioner, | )<br>) |
| v. | ) ORDER TO SHOW CAUSE WHY<br>) ACTION SHOULD NOT BE |
| A. NEIL CLARK, Field Office Director, U.S.<br>Immigration and Customs Enforcement, | ) DISMISSED<br>)<br>) |
| Respondent. | )<br>) |

On December 15, 2010, petitioner, proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by the United States Immigration and Customs Enforcement ("ICE") pending completion of his petition for review before the Ninth Circuit Court of Appeals, *Kanyiri v. Holder*, No. 10-70353 (9th Cir. 2010). (Dkt. 7.) He requests that this Court "Order the Petitioner to be released on supervised release pending all finality or that the court orders the Agency to expedite his removal." *Id*. at 2. Petitioner asserts that he "was granted bond of $15,000 but he has been unable to raise that bond amount." *Id*. On January 21, 2011, respondent moved to dismiss, arguing that because an Immigration Judge granted petitioner

ORDER TO SHOW CAUSE WHY
ACTION SHOULD NOT BE DISMISSED
PAGE -1

release on bond, he has received all the benefits of due process to which he is entitled. (Dkt. 13.) On January 28, 2011, however, petitioner filed a notice of change of address in his case pending before the Ninth Circuit, which indicates that he is no longer detained by ICE. *See Kanyiri*, No. 10-70353, Dkt. 18.

Given this development, petitioner is ORDERED TO SHOW CAUSE why his pending petition for writ of habeas corpus should not be dismissed as moot.[1]  A response by petitioner is due no later than March 28, 2011. Respondent's motion to dismiss (Dkt. 13) is RE-NOTED for consideration on March 28, 2011.

The Clerk shall send a copy of this Order to petitioner, to counsel for respondent, and to the Honorable Thomas S. Zilly, United States District Judge.

DATED this 1st day of March, 2011.

Mary Alice Theiler
United States Magistrate Judge

---

[1] When a habeas petitioner has been released from custody after filing a habeas petition, the relevant inquiry becomes whether a case or controversy still exists. *See Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002) ("When a controversy no longer exists, the case is moot."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008) (dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing). The Court may also dismiss an action for failure to prosecute where a *pro se* petitioner fails to keep the Court and parties informed of his current mailing address. *See* Local Rule CR 41(b)(2)("A party proceeding pro se shall keep the court and opposing parties advised as to his current address.").

ORDER TO SHOW CAUSE WHY
ACTION SHOULD NOT BE DISMISSED
PAGE -2