UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EPHANTUS WAKABA KANYIRI,          ) | |
|                                                              ) | CASE NO. C10-1819-TSZ |
|               Petitioner,                           ) | |
|                                                              ) | |
|          v.                                              ) | |
|                                                              ) | REPORT AND RECOMMENDATION |
| A. NEIL CLARK, Field Office Director, U.S. ) | |
| Immigration and Customs Enforcement,  ) | |
|                                                              ) | |
|               Respondent.                        ) | |
| _____ ) | |

    Petitioner is proceeding *pro se* and *in forma pauperis* in this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  His petition challenges his detention by the United States Immigration and Customs Enforcement ("ICE") pending completion of his petition for review before the Ninth Circuit Court of Appeals, *Kanyiri v. Holder*, No. 10-70353 (9th Cir. 2010).  (Dkt. No. 7.)  He requests that this Court "Order the Petitioner to be released on supervised release pending all finality or that the court orders the Agency to expedite his removal."  *Id*. at 2.  Petitioner asserts that he "was granted bond of $15,000 but he has been unable to raise that bond amount."  *Id*.  On January 21, 2011, respondent moved to dismiss arguing that because an Immigration Judge granted petitioner release on bond, he has received

REPORT AND RECOMMENDATION
PAGE -1

all the benefits of due process to which he is entitled. (Dkt. No. 13.) On January 28, 2011, however, petitioner filed a notice of change of address in his case pending before the Ninth Circuit, which indicates that he is no longer detained by ICE. *See Kanyiri*, No. 10-70353, Dkt. 18.

Given this development, this Court ordered petitioner to show cause why his petition for writ of habeas corpus should not be dismissed as moot. (Dkt. No. 15.) On March 8, 2011, the Court's order was returned by the post office as undeliverable. (Dkt. No. 16.)

Local Rule CR 41(b)(2) provides,

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within 60 days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

*See* Local Rule CR 41(b)(2). Pursuant to Local Rule CR 41(b)(2), petitioner was required to notify the Court of his current address no later than May 8, 2011. *See id*. To date, petitioner has not notified the court of his current address, nor has he responded to the court's order to show cause.

Accordingly, the undersigned recommends dismissal of this case pursuant to Local Rule CR 41(b)(2) for failure to prosecute. A proposed Order accompanies this Report and Recommendation.

DATED this 9th day of May, 2011.

Mary Alice Theiler
United States Magistrate Judge